Mr. Justice Colcocle
delivered the opinion of the court:
The jury having found a verdict for the plaintiff in this case, this court cannot interfere, although they may think that the verdict ought to have been for the defendant on the facts.
The finding determines that the money was fraudulently obtained, and in such case, if the plaintiff prosecute his claim within four years from the time the fraud is discovered, the ease is not barred. It would be a violation of every moral principle to permit a man thus to reap the fruits of his own wrong. The statute was not intended to work such mischief; it was meant to protect honest men from being compelled to pay their debts a second time ; and it is allowed to operate on the supposition that the defendant is paid. Nor is this doctrine confined to the Court of Equity alone. In 4 Bacon’s abr. 476, it is said, “ at law as well as in equity, if a plaintiff is prevented from obtaining a knowledge that he has a cause of action by a fraudulent concealment on the part of the defendant, he will not be barred by the statute if he commence his action within six years after the fraud is discovered ” And-this is supported by the case of Bree fy Holbcch, (Doug • lass, 655,) and by the case of the Massachusetts Turnpike Corporation vs. Field, (3 Mass. T. Rep. 201.)
The motion is dismissed.
Justices Nott, Richardson and Johnson, concurred.
Mr. Justice Gantt dissented.